UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 BRITTANIE W.,

                                                          Plaintiff,

v.                                                                                                      1:20-CV-0661
                                                                                                        (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                                                          Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC              KENNETH HILLER, ESQ.
  Counsel for Plaintiff                                         ELIZABETH HAUNGS, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                                     JASON PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 14.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is granted to the

extent it seeks remand for further proceedings, and the Commissioner's motion is

denied.

**I.      RELEVANT BACKGROUND**

    **A.      Factual Background**

Plaintiff was born in 1993.  (T. 97.)  She completed high school.  (T. 227.) Generally, Plaintiff's alleged disability consists of depression, conduct disorder, attention deficit hyperactivity disorder ("ADHD"), oppositional defiance disorder ("ODD"), bipolar disorder, depression, and anxiety.  (T. 226.)  Her alleged disability onset date is July 28, 2016.  (T. 97.)  Her date last insured is June 30, 2020.  (*Id*.)  Her past relevant work consists of customer service, retail, and waitress.  (T. 228.)

    **B.      Procedural History**

On July 28, 2016, Plaintiff applied for a period of Disability Insurance benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 97.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On October 9, 2018, Plaintiff appeared before the ALJ, Theodore Kim.  (T. 49-74.)  On January 16, 2019, ALJ Kim issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 30-48.)  On April 3, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

    **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 36-43.)  First, the ALJ found Plaintiff met the insured status requirements through September 30, 2021 and Plaintiff had not engaged in substantial gainful activity since July 28, 2016.  (T. 36.)  Second, the ALJ found Plaintiff had the

severe impairments of: anxiety; depressive disorder/mood disorder; bipolar disorder; borderline personality disorder; and panic attacks.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with additional nonexertional limitations.  (T. 38.)  The ALJ found Plaintiff could never climb ladders, ropes and scaffolds and can never be exposed to unprotected heights and moving mechanical parts.  (*Id*.)  The ALJ found Plaintiff is able to understand, carry-out, and remember simple instructions, and make simple work-related decisions.  (*Id*.)  The ALJ found Plaintiff could occasionally deal with supervisors and co-workers and can never deal with the public.  (*Id*.)  Lastly, the ALJ found Plaintiff could occasionally deal with changes in a routine work setting and will be off task 5% of the workday.  (*Id*.)  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 41-43.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to give "valid reasons" for "rejecting" the opinion provided by treating nurse practitioner Rosanna Carter.  (Dkt. No. 9 at 10-14.)  Second, Plaintiff argues the ALJ ignored an assessment provided by Plaintiff's vocational rehabilitation counselor.  (*Id*. at 14-16.)  Third, and lastly, Plaintiff argues the

3

ALJ's off-task finding was not supported by substantial evidence. (*Id*. at 16-19.) Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 11.)

### B.  Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues the ALJ gave valid reasons for rejecting NP Carter's non-acceptable medical source statement. (Dkt. No. 10 at 7-18.) Second, Defendant argues the ALJ gave valid reasons for rejecting the vocational counselor's non-acceptable medical source statement. (*Id*. at 18-19.) Third, and lastly, Defendant argues the ALJ's 5% off task limitation was supported by the record. (*Id*. at 19-23.)

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.   Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this

5

sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

First, Plaintiff argues the ALJ failed to properly assess the opinion provided by treating NP Carter. (Dkt. No. 9 at 10-14.) Plaintiff asserts the ALJ's reasoning for rejecting NP Carter's opinion were "conclusory and improper." (*Id*. at 11.) For the reasons outlined below, remand is necessary for a proper evaluation of NP Carter's opinion.

As an initial matter, the record contains opinion evidence from treating NP Carter, consultative examiner Christine Ransom, Ph.D., and non-examining State agency medical consultant, A. Dipeolu, Ph.D. Although a nurse practitioner may be a treating health care provider, not all treating health care providers are "treating sources" under the applicable Social Security regulations. A "treating source" is defined as the plaintiff's "own physician, psychologist, or other acceptable medical source who provides [plaintiff], or has provided [plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [plaintiff]." 20 C.F.R. §§

6

404.1502, 416.902[1]. There are five categories of "acceptable medical sources." *Id*. §§ 404.1513(a), 416.913(a). Nurse practitioners are not included within those categories. Nurse practitioners are listed among the "other medical sources," whose opinion may be considered as to the severity of a plaintiff's impairment and ability to work, but their conclusions are not entitled to any special weight. *Id*. §§ 404.1513(d)(1), 416.913(d)(1).

To be sure, an ALJ is not required to provide "good reasons" to support his weight determination when assessing an opinion from a nurse practitioner; however, the regulations still require him to evaluate the opinion using many of the same factors applicable to weighing acceptable medical opinion evidence. The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

On September 26, 2018, NP Carter complete a "Mental Residual Functional Capacity Questionnaire." (T. 952-956.) She indicated she began treating Plaintiff in August of 2016 and provided therapy and medication management. (T. 952.)

Regarding Plaintiff's mental abilities, NP Carter indicated Plaintiff was "unable to meet competitive standards" in her ability to maintain regular attendance and be punctual within customary, usually strict tolerances. (T. 954.)[2] NP Carter indicated

---

[1] Effective March 27, 2017, many of the Regulations cited herein have been amended, as have SSRs. Nonetheless, because Plaintiff's social security application was filed before the new Regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier Regulations and SSRs.

[2] The form defined "unable to meet competitive standards" as patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in regular work setting. (T. 954.) The form defined "serious limited" as the ability to function in this area is seriously limited and would frequently be less than satisfactory in any work setting. (*Id*.)

7

Plaintiff was "seriously limited" in her ability to: sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being unduly distracted; complete a normal workday and workweek without interruptions from psychologically based symptoms; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; deal with normal work stress; interact appropriately with the general public; and maintain socially appropriate behavior.  (T. 954-955.)  NP Carter opined Plaintiff's abilities in all other work-related functional areas were either "unlimited or very good" or "limited but satisfactory."  (T. 954-955.)

NP also completed narrative sections of the form.  When asked to explain findings that support her limitations, NP Carter wrote Plaintiff "has a difficult time controlling emotions, dealing [with] stress and getting along [with] others.  She is unreliable – has walked out on jobs when her anxiety is uncontrollable."  (T. 954.)  NP Carter also wrote Plaintiff's "[b]ehavior may be severely impacted when [symptoms] exacerbate.  [She] easily becomes agitated and argumentative."  (T. 955.)

When asked, on average, how often Plaintiff's impairments or treatment would cause her to be absent from work, NP Carter selected "more than four days per month." (T. 956.)  When asked if Plaintiff could engage in full-time competitive employment on a sustained basis, NP Carter checked "no."  (*Id.*)

The ALJ afforded "limited weight" to NP Carter's findings that Plaintiff was unable to meet competitive standards in her ability to maintain attendance and be punctual; had serious limitations in various other areas of functioning; and would be absent more than four days of work per month.  (T. 40-41.)  In support of his conclusion, the ALJ reasoned

8

there was "no support for these extreme limitations in the record." (T. 41.) The ALJ further concluded records reflected Plaintiff's symptoms "waxed and waned." (*Id*.) The ALJ noted NP Carter was not an acceptable medica source. (*Id*.) Lastly, the ALJ concluded NP Carter's "opinion finds that [Plaintiff] is disabled" and such determinations are reserved to the Commissioner. (*Id*.)

To be sure, as noted by the ALJ, NP Carter is not an acceptable medical source. (T. 41.) However, the ALJ erred in his assessment of her opinion. First, the ALJ failed to meaningfully discuss the factors outlined in 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6). Second, the ALJ failed to provide sufficient analysis to support his reasons for discounting portions of NP Carter's opinion, therefore preventing meaningful review. Although the ALJ asserts the record did not "support" NP Carter's "extreme" limitations, the ALJ fails to provide evidence in the record to support his conclusion and the ALJ's reasoning cannot be gleaned from the record. (T. 41); *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision.")). The ALJ's conclusory observation that Plaintiff's symptoms "waxed and waned" without further discussion further prevents meaningful review because it is unclear how evidence of varying degrees of symptomology failed to support NP Carter's opined limitations.

As outlined by the ALJ, the ultimate finding of whether Plaintiff was disabled and cannot work is "reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d), 416.927(d). Of note, NP Carter did respond "no" when asked if Plaintiff could perform full-time

9

competitive employment on a sustained basis and therefore the ALJ properly rejected this portion of her statement.  (T. 956.)  However, whether the ALJ was rejecting just this portion of the statement, or the opinion as a whole, is unclear from the ALJ's written decision.  The limitations the ALJ specifically afforded "limited weight" to did not include this statement.  (T. 40.)  It is unclear from the ALJ's decision whether he properly rejected NP Carter's one statement regarding Plaintiff's disability status or if he improperly rejected the nurse's specific functional limitations based on this reasoning.  Therefore, meaningful review is again frustrated.  Overall, the ALJ failed to set forth the "crucial factors" in his determination "with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Douglass v. Astrue*, 496 F. App'x 154, 157 (2d Cir. 2012) (citing *Ferraris v. Heckler,* 728 F.2d 582, 587 (2d Cir.1984)).

     Next, Plaintiff argues the ALJ "completely ignored" the statement provided by vocational rehabilitation counselor, Nancy Conniff.  (Dkt. No. 9 at 14-16.)  On April 2017 Ms. Conniff, stated Plaintiff needed assistance making decisions due to impairment in initiative; did not stay on task for appropriate periods of time and was easily distracted by sensory stimuli, and was impulsive in actions, and did not take time to consider alternative actions or consider consequences of actions due to impaired judgment.  (T. 1013).  Indeed, the ALJ did not discuss, or refer to, Ms. Conniff's statement.  (T.  33-43.)

     To be sure, as argued by Defendant, the ALJ was not required to discuss every piece of evidence, particularly when as here, that evidence is from a non-acceptable source.  (Dkt. No. 10 at 19); *see*, *generally*, *Brault v. Comm'r of Soc. Sec.*, 683 F.3d at 448 ("[a]n ALJ does not have to state on the record every reason justifying a decision,"

nor is an ALJ "required to discuss every piece of evidence submitted.") (internal quotations and citation omitted).  However, the functional limitations assessed by the vocational counselor were significantly more favorable to Plaintiff and were ultimately consistent with the limitations provided by NP Carter.  Therefore, because the counselor's statement contained more restrictive limitations than provided by the ALJ, the statement should be address on remand.  *See Zabala v. Astrue,* 595 F.3d 402,409 (2d Cir. 2010) (an error in failing to consider evidence "requires remand to the ALJ for consideration of the improperly excluded evidence, at least where the unconsidered evidence is significantly more favorable to the claimant than the evidence considered"); *but see Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 282 (W.D.N.Y. 2018) (failure to discuss vocational counselor's statement was harmless error where statement was consistent with RFC).

Lastly, Plaintiff argues the ALJ's RFC determination containing a 5% off task limitation was improper because the ALJ failed to provide an explanation supporting this determination.  (Dkt. No. 9 at 16-18.)  "The fact that the ALJ assigned a particular percentage range [. . .] to illustrate [Plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence." *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016).  Therefore, the ALJ's assessment of off task time was not *per se* error.  However, due to the errors in evaluating opinion evidence, the ALJ may address this issue on remand.

Neither party disputes the ALJ's steps one, two, or three determinations nor do the parties dispute the ALJ's physical RFC determination.  Overall, remand is necessary

for a proper evaluation of NP Carter's functional statement and the statement provided by Ms. Conniff.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **<u>GRANTED</u>**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **<u>DENIED</u>**; and it is further

    **ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:     August 2, 2021

                                                  William B. Mitchell Carter
                                                  U.S. Magistrate Judge